IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:21-CR-00030 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| WILBERT AL CAMPBELL ) | United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Wilbert Campbell's motion for early termination of supervised release. (Dkt. No. 2.) This case was transferred to the jurisdiction of the Western District of Virginia on September 16, 2021. No counsel for the government has appeared. The court finds that a hearing is not necessary to resolve Campbell's motion. As recommended by probation, the court will grant Campbell's motion.

I. BACKGROUND

On October 31, 2006, Mr. Campbell appeared before the Middle District of North Carolina and was sentenced to one hundred and seventy (170) months incarceration followed by three (3) years of supervised release after being convicted on bank robbery. On April 5, 2021, Campbell was released from the Bureau of Prisons and started his period of supervised release. He has completed thirty-one (31) months of his three-year period of supervision.

On November 13, 2023, by letter to the court, Campbell moved for early termination of his remaining supervised release term. Probation supports Campbell's motion because he has a stable residence, has maintained full-time employment, has communicated consistently, has been negative for all illegal substances when tested, and has adjusted well to supervision.

## II.  ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.  As at sentencing, courts consider several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met.  *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010).  In addition, the inquiry is broader than the individual's conduct.  *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999).  "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals."  *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination.  *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While Campbell's offense was serious, he has now served his sentence and more than half of his supervised release term.

The court finds that there is no longer a need to protect the public or to deter Campbell from committing further crimes through the ongoing imposition of release conditions.  For these reasons, the court will grant Campbell's motion for early termination of his supervised release.

## III.  CONCLUSION

For the foregoing reasons, Campbell's motion for early termination of supervised release (Dkt. No. 2) will be granted.  The court will issue an appropriate order.

Entered: November 15, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge